UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HERMAN CARLEE McMILLIAN,

                      Plaintiff,

- versus -

SUPERINTENDENT CHARLES KELLY;
SUPERINTENDENT PATRICK GRIFFIN;
CORRECTION OFFICER TECONY;
CORRECTION OFFICER TUCKER;
CORRECTION OFFICER SANTANA; JOHN
DOE CORRECTION OFFICERS 1-15;
ROBERT THOMAS JOHNSON, District
Attorney of Bronx County; CORRECTION
OFFICER ROYCE; CORRECTION OFFICER
BRUSO; CORRECTION OFFICER SMITH;
E. KOEHLER; ALLYN SIELAFF; THE CITY
OF NEW YORK; THE NEW YORK CITY
AND STATE DEPARTMENT OF
CORRECTION; SUPERINTENDENT
CENTER-15 WARDEN; WILLIAM
COGDELL; SUPERINTENDENT ROBERT
DEROSA; TREVOR JOHNSON; CECIL
GEORGE; MAURICE CARRALL; and
ROBERT RASMINI, Jr.,

                      Defendants.

ORDER

14-MC-143 (JG)

JOHN GLEESON, United States District Judge:

        Plaintiff Herman Carlee McMillian, currently incarcerated at Marcy Correctional Facility, is a frequent litigant in this district.[1] In an order dated May 20, 2005, I barred him from filing any *in forma pauperis* complaint without first obtaining leave of the court. *McMillian v. Johnson, et al*, No. 05-CV-1562 (JG), ECF No. 7 at 2 (E.D.N.Y. May 20, 2005). Moreover,

---

[1] Plaintiff has filed roughly 120 actions in federal court, including more than 80 actions in this court.

McMillian is barred under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any new *in forma pauperis* complaint unless he demonstrates that he is under imminent danger of serious physical injury. *McMillian v. Johnson, et al.*, No. 05-MC-197 (JG), slip op. at 2 (E.D.N.Y. Sept. 1, 2005) (citing 28 U.S.C. § 1915(g)).

On February 3, 2014, McMillian filed a motion for leave to file the instant *in forma pauperis* action, which alleges various violations of his constitutional rights pursuant to 42 U.S.C. § 1983. His claims, including "the deliberate indifference of corrections officials and officers against the constitutional rights of McMillian" (Pl.'s Aff. 2), "defamation of character" (*id.* at 5), "the ineptitude and impotency at Bronx District Attorney Robert Thomas Johnson's Office" (*id.* at 7), and allegations related to a 2004 incident (Pl.'s Mot. for Leave to File 3-5) are similar to those made in multiple previous filings, most recently in 13-MC-503 (JG). I previously considered these claims under governing law and concluded that McMillian had not established that he was in imminent danger of serious physical injury at the time he filed those complaints. To the extent that the instant action reasserts claims related to his prosecution, any potentially actionable statements made by McMillian or other individuals, or the 2004 incident, I again deny leave to file the instant complaint pursuant to Section 1915(g).

The instant action also renews a series of allegations related to an incident on August 9, 2013, at the Sullivan Correctional Facility. As this district is an inappropriate venue to seek redress for those claims, I transferred them to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1406(a), in McMillian's most recently filed submission. *McMillian v. Griffin, et al*, No. 13-MC-990 (JG), slip op. at 2 (E.D.N.Y. Feb. 7, 2014). Because those duplicative claims have already been dismissed in the Southern District, *McMillian v. Griffin, et al*, No. 14-CV-2254 (LAP) (S.D.N.Y. June 4, 2014), I will not transfer them.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                    So ordered.

                    John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
    July 23, 2014